**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                                  CASE NO: 8:14-cr-379-CEH-TGW

ARLEY LOPEZ ENCISO

_____

**ORDER**

This cause comes before the Court on Defendant Arley Lopez-Enciso's Motion for Compassionate Release (Doc. 645).  In the motion, Lopez-Enciso argues his release is warranted under 18 U.S.C. § 3582(c)(1)(A) because of COVID-19 and the danger it poses to him in his prison facility, and because of the prison programming he has participated in, which would make him eligible for earned time credits if he were not deportable.  The Government opposes the motion (Doc. 651), and Lopez-Enciso has replied (Doc. 652)

Upon review and consideration, and being fully advised in the premises, the Court will deny the motion.

**I.    BACKGROUND**

On January 20, 2016, Lopez-Enciso was sentenced to 235 months' incarceration after being found guilty at trial of two counts of possession and conspiracy to possess with intent to distribute cocaine while on board a vessel. Doc. 459.  Now 57 years old, he is incarcerated at FCI Fort Dix.  Lopez-Enciso previously

filed a motion to vacate his sentence under 28 U.S.C. § 2255, which the Court denied on November 5, 2021. Doc. 639.

Lopez-Enciso now moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Doc. 645.  He contends that extraordinary and compelling reasons exist because of the COVID-19 pandemic, to which individuals incarcerated at Fort Dix are particularly vulnerable because of the facility's lack of social distancing, lack of testing, and staff inattention. *Id.* at 1-2.  He also argues that he does not present a risk to the community if released, particularly as he expects to be deported, and points out that he has taken advantage of prison programming while incarcerated. *Id.* at 2.  Further, he asks the Court to find the First Step Act unconstitutional because his immigration status renders him ineligible for time credits that he otherwise would have earned. *Id.* Lopez-Enciso attaches an email he sent to the warden of his facility asking for compassionate release under the "catch all" provision of 18 U.S.C. § 3582(c)(1)(A), due to the prison conditions, active COVID-19 cases, and his programming. *Id.* at 4.

The Government responds in opposition to Lopez-Enciso's motion, arguing that he has failed to establish an extraordinary and compelling reason for compassionate release. Doc. 651.  The Government asserts that the possibility of contracting COVID-19 does not qualify as such a reason; nor is the inability to earn time credits included on the exclusive list provided under U.S.S.G. § 1B1.13, comment n.1. *Id.* at 3-4.  The Government also asks the Court to reject Lopez-Enciso's argument that the First Step is unconstitutional, because a remedy exists to allow deportable

defendants to obtain a sentence reduction to time served so that they can commence the deportation process. *Id.* at 4.

In a brief reply, Lopez-Enciso asserts that he is seeking the very remedy the Government references—a reduction to time served so that he may be deported—and argues that the Government has therefore conceded that he has established an extraordinary and compelling reason for release. Doc. 652.

## II.    LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted).  Those limited circumstances are provided under 18 U.S.C. § 3582(c).  Effective December 21, 2018, section 603 of the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows incarcerated individuals to directly petition a district court for compassionate release. That provision states:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of

imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

> (i) extraordinary and compelling reasons warrant such a reduction; or

> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act). Courts are to consider the factors listed in 18 U.S.C. § 3553(a), as applicable, as part of the analysis.[1] *See* § 3582(c)(1)(A).

---

[1] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

## III.   DISCUSSION

As a threshold matter, the Court finds that Lopez-Enciso has exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1).  Under that provision, a defendant must exhaust administrative remedies with the Bureau of Prisons prior to filing a motion for compassionate release. "Section 3582(c)(1)(A) unambiguously provides that a defendant may either move for compassionate release after the defendant has fully exhausted administrative remedies *or* 'the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" *United States v. Smith*, 482 F. Supp. 3d 1218, 1223 (M.D. Fla. 2020) (emphasis in original) (quoting 18 U.S.C. § 3582(c)(1)(A)).   Lopez-Enciso provided documentation that he requested compassionate release from the warden more than 30 days before the Court received the instant motion. Doc. 645 at 4.  The Government does not argue that this communication was inadequate or deficient.  The Court therefore finds that Lopez-Enciso has satisfied the exhaustion requirement.

However, Lopez-Enciso has not established an extraordinary and compelling reason that warrants compassionate release.  Under *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013), a defendant must establish that a sentence reduction is warranted.  Specifically, under 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act, a defendant must show (1) that he is 70 years old and has served at least 30 years of incarceration and meets other enumerated criteria; or (2) that he has an extraordinary and compelling reason for compassionate release.  The Eleventh Circuit has held that "extraordinary and compelling reasons" that permit the grant of

compassionate release are exclusively defined by the policy statement of the United States Sentencing Commission contained in U.S.S.G. § 1B1.13, cmt. n.1. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). Such reasons are: the defendant's medical condition, his age, his family circumstances, or another reason that is determined by the Director of the Bureau of Prisons. U.S.S.G. § 1B1.13, cmt. n.1. This list of reasons is exhaustive. *Bryant*, 996 F.3d at 1265-66.

Here, Lopez-Enciso is 57 years old and was not sentenced until 2016. Thus, he does not qualify for compassionate release under the first provision of 18 U.S.C. § 3582(c)(1)(A) and must instead demonstrate an extraordinary and compelling reason to satisfy § 3582(c)(1)(A). He argues that the COVID-19 pandemic, the conditions at Fort Dix, and his ineligibility to earn time credits despite positive prison programming all constitute such a reason pursuant to the "catch-all" provision of the policy statement. Doc. 645 at 4.

The fourth type of extraordinary and compelling reason listed in the policy statement, often described as a "catch-all" provision, provides that, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13, cmt. n. 1(D). The Eleventh Circuit has held that this provision must be interpreted literally. *Bryant*, 996 F.3d 1243. Therefore, an identified reason requires approval from the Director of the Bureau of Prisons before it can be considered extraordinary and compelling. *Id.*; *United States v. Giron*, 15 F.4th 1343, 1350 (11th Cir. 2021) ("district courts are bound

by U.S.S.G. § 1B1.13 when granting compassionate release and…only the Bureau of Prisons can expand the extraordinary and compelling reasons under the catch-all provision").[2]  The Court acknowledges the risks that the COVID-19 pandemic poses to vulnerable individuals, particularly in a congregate setting.  Further, the Court lauds Lopez-Encisco for taking advantage of the opportunity to engage in educational and vocational programming during his incarceration.   However, it finds that Lopez-Enciso has not established the applicability of the policy statement's catch-all provision, because he has not demonstrated that the Bureau of Prisons has approved his identified reasons as extraordinary and compelling.

Lopez-Enciso also asks the Court to declare that the First Step Act is unconstitutional because it excludes individuals who are deportable from eligibility for earned time credits, in violation of due process and equal protection. Doc. 645 at 2. However, the instant motion is not the appropriate vehicle for Lopez-Enciso's argument.  The provision of earned time credits is within the purview of the Bureau of Prisons, not this Court. *See*, *e.g.*, *Gonzalez. v. U.S.*, 959 F.2d 211, 212 (11th Cir. 1992) ("Courts have original jurisdiction over imposition of a sentence. The Bureau of Prisons is, however, responsible for computing that sentence and applying appropriate good time credit."), abrogated on other grounds by *Santiago-Lugo v. Warden*, 785 F.3d

---

[2] Indeed, the Eleventh Circuit found in *Giron* that even the confluence of medical conditions and the COVID-19 pandemic did not create an extraordinary and compelling reason for compassionate release. 15 F.4th at 1346-47; *see also*, *e.g.*, *United States v. Willhite*, No. 21-10441, 2022 WL 424817, *1-2 (11th Cir. Feb. 11, 2022) (same); *United States v. Pearson*, No. 21-10750, 2021 WL 4987940, *1-2 (11th Cir. Oct. 27, 2021) (same).

467, 471 (11th Cir. 2015).  To the extent Lopez-Enciso seeks to challenge the Bureau of Prison's failure to provide him with earned time credits for any reason, he must bring an action against the Bureau of Prisons in the county in which he is incarcerated. *See Antonelli v. Warden, U.S.P .Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008) ("[C]hallenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under [28 U.S.C.] § 2241."); *see also*, *e.g.*, *U.S. v. Eck*, 3:16-cr-102-MMH-MCR, 2022 WL 911732, *4 (M.D. Fla. March 29, 2022) (denying compassionate release motion based, in part, on argument that defendant was being denied earned time credits under the First Step Act, because such a claim must be brought via § 2241 petition in the district in which he is incarcerated).[3]  Lopez-Enciso's motion is therefore due to be denied.

Accordingly, it is **ORDERED**:

1. Defendant Arley Lopez-Enciso's Motion for Compassionate Release (Doc. 645) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on May 19, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:  Counsel of Record; Unrepresented Parties

---

[3] With respect to the Government's response to the constitutional argument, although the Court does not agree with Lopez-Enciso's characterization that the Government has conceded he is entitled to release, it observes that the relief the Government suggests appears to be exactly what Lopez-Enciso requested in the instant motion, as Lopez-Enciso argues. *See* Doc. 651 at 4, citing *U.S. v. Rose*, No. 03-CR-1501 (VEC), 2022 WL 19174, *2 (S.D.N.Y. Jan. 3, 2022) (granting compassionate release for deportable defendant and reducing his sentence to time served in anticipation of his deportation).